IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| HENRY AND DARLA WISE | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO: 6:25-cv-00050-H |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, | § | |
|     *Defendant.* | § | |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S FIRST AMENDED
ANSWER AND DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant Scottsdale Insurance Company ("Defendant") files this First Amended

Answer and Defenses to Plaintiffs' Original Petition, and would respectfully show as follows:

**I. SCOTTSDALE INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

Defendant makes the following admissions and denials to Plaintiffs' claims as authorized

by Federal Rule of Civil Procedure 8(b):

**I. DISCOVERY CONTROL PLAN**

1.      Paragraph 1 of Plaintiffs' Original Petition describes the discovery control plan

under the Texas Rules of Civil Procedure and requires no response from Defendant. Answering

further, Defendant admits that the Federal Rules of Civil Procedure and this Court's Scheduling

Order governs discovery in this case.

**II. CLAIM FOR RELIEF**

2.      Paragraph 2 of Plaintiffs' Original Petition is a statement pursuant to Texas Rule

of Civil Procedure 47 concerning the Texas state court's jurisdiction over this lawsuit and the

amount and type of relief Plaintiffs seek in this lawsuit and does not require a response from

Defendant.  To the extent a response is required, Defendant admits that the United States District

Court for the Northern District of Texas, San Angelo Division, has jurisdiction over this case. Defendant denies that Plaintiffs are entitled to the relief sought in Paragraph 2 of Plaintiffs' Original Petition.

### III. PARTIES AND SERVICE

3.    Based upon information and belief, Defendant admits that Plaintiffs are individuals domiciled in Dallas County, Texas.

4.    Defendant admits that it is a corporation lawfully engaged in the business of insurance in the State of Texas. Defendant further admits that it is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona. Defendant admits that it has been served in this case and that the Northern District of Texas, San Angelo Division is the proper venue for this case. Defendant denies the remining allegations in paragraph 4 of the Plaintiff's Original Petition.

### A. CONDITIONS PRECEDENT

5.    Defendant denies the allegations in paragraph 5 of Plaintiffs' Original Petition.

### B. AGENCY AND *RESPONDENT SUPERIOR*

6.    This paragraph contains a summary of the purported legal elements of liability under a theory of respondent superior that does not require a response. To the extent a response from Defendant is required, Defendant denies the allegations set forth in paragraph 6 of Plaintiffs' Original Petition.

### C. FACTS

7.    Defendant admits that Plaintiffs submitted a claim to Defendant and that Plaintiff's policy number is CPS7983188. Defendant denies the remaining allegations set forth in paragraph 7 of Plaintiffs' Original Petition.

8.      Defendant denies that its initial inspection of Plaintiff's property occurred on August 29, 2024, as the inspection took place on August 31, 2024. Defendant denies the remaining allegations contained in paragraph 8 of Plaintiffs' Original Petition.

9.      Defendant denies the allegations in paragraph 9 of Plaintiffs' Original Petition.

10.     Defendant denies the allegations in paragraph 10 of Plaintiffs' Original Petition.

11.     Defendant denies the allegations in paragraph 11 of Plaintiffs' Original Petition.

12.     Defendant denies the allegations in paragraph 12 of Plaintiffs' Original Petition.

## D.  CAUSES OF ACTION

**1. Breach of Contract**

13.     Paragraph 13 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the forgoing paragraphs.

14.     Defendant denies the allegations in paragraph 14 of Plaintiffs' Original Petition. Answering further, Defendant duties are set forth in the Policy, and all coverage and payment obligations are subject to all terms, conditions, limitations, and exclusions in the Policy. Further, the Policy speaks for itself and Defendant properly investigated Plaintiffs' claim. Defendant denies the remaining allegations set forth in paragraph 14 of Plaintiffs' Original Petition.

15.     Defendant denies the allegations in paragraph 15 of Plaintiffs' Original Petition.

**2. Violations of Section 542 of the Texas Insurance Code**

16.     Paragraph 16 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a

response is required, Defendant reasserts its admissions and denials set forth in the forgoing paragraphs.

17.    Defendant denies the allegations in paragraph 17 of Plaintiffs' Original Petition, including subparts (a) – (c).

18.    Defendant denies the allegations in paragraph 18 of Plaintiffs' Original Petition.

**3. Unfair Insurance Practices**

19.    Paragraph 19 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing paragraphs.

20.    Defendant denies the allegations in paragraph 20 of Plaintiffs' Original Petition, including subparts (a) – (e).

21.    Defendant denies the allegations in paragraph 21 of Plaintiffs' Original Petition.

22.    Defendant denies the allegations in paragraph 22 of Plaintiffs' Original Petition.

**4. Violations of the DTPA**

23.    Paragraph 23 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing paragraphs.

24.    Defendant denies the allegations set forth in paragraph 24 in Plaintiffs' Original Petition, including subparts (a) – (i).

25.    Defendant denies the allegations set forth in paragraph 25 of Plaintiffs' Original Petition.

**5. Breach of Duty of Good Faith and Fair Dealing**

26.     Paragraph 26 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing paragraphs.

27.     Defendant denies the allegations in paragraph 27 of Plaintiffs' Original Petition.

28.     Defendant denies the allegations in paragraph 28 of Plaintiffs' Original Petition.

## E. WAIVER AND ESTOPPEL

29.     Defendant denies the allegations in paragraph 29 of Plaintiffs' Original Petition.

## G. DAMAGES

30.     Defendant denies the allegations set forth in paragraph 30 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in paragraph 30 of Plaintiffs' Original Petition.

## H. ADDITIONAL DAMAGES

31.     Defendant denies the allegations set forth in paragraph 31 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in paragraph 31 of Plaintiffs' Original Petition.

## I. EXEMPLARY DAMAGES

32.     Defendant denies the allegations set forth in paragraph 32 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in paragraph 32 of Plaintiffs' Original Petition.

### J. <u>ATTORNEY FEES</u>

33.     Defendant denies the allegations set forth in paragraph 33 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in paragraph 33 of Plaintiffs' Original Petition.

### K. <u>JURY DEMAND</u>

34.     Defendant admits that Plaintiffs demanded a jury trial in its Original Petition.

### N. <u>PRAYER</u>

35.     Defendant denies the allegations set forth in the Prayer of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in the Prayer of Plaintiffs' Original Petition.

### II.     DEFENDANT SCOTTSDALE INSURANCE COMPANY'S DEFENSES

36.     In addition to the foregoing specific denials, Defendant asserts, without limitation, the following defenses:

### First Defense
### <u>Policy Provisions</u>

37.     Plaintiffs cannot recover, in whole or in part, on its breach of contract claim, and consequently on any of the other causes of action alleged in Plaintiffs' Original Petition, because the Policy contains exclusions and provisions negating coverage, in whole or in part, for the damages alleged by Plaintiff. Defendant's contractual obligations are determined by the terms, conditions, limitations, and exclusions contained in the Policy and Defendant relies on such terms, conditions, limitations, and exclusions in defense of the claims asserted against it. Potentially applicable Policy provisions include, but are not limited to:

## SCHEDULE OF LOCATIONS

\*\*\*

| Prem. No. | Bldg. No. | Designated Premises (Address, City, State, Zip Code) | Occupancy |
|---|---|---|---|
| 1 | 1 | 2998 FM 503 TALPA TX 76882 | LRO - SINGLE FAMILY DWELLING |
| 1 | 2 | 2998 FM 503 TALPA TX 76882 | LRO - SINGLE FAMILY DWELLING |

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
**EXCLUSION OF COSMETIC DAMAGE TO ROOF SURFACING**

This exclusion applies to all buildings or structures described in the Schedule above. If the Schedule is left blank, then this exclusion applies to all buildings or structures shown in the Declarations.

This insurance does not apply to "cosmetic loss or damage" to "roof surfacing."

Unless otherwise excluded elsewhere in this policy, we do cover windstorm or hail damage to "roof surfacing" that results in damage that allows the penetration of rain, hail, snow, ice or melting hail, snow or ice through the "roof surfacing" or that results in the failure of the "roof surfacing" to perform its intended function to keep out the elements.

For the purposes of this endorsement, the following definitions apply:

"Cosmetic loss or damage" means damage that alters the physical appearance of the "roof surfacing" or results in cracks, chipping or displacement of roof tiles but does not result in damage that allows the penetration of rain, hail, snow, ice or melting hail, snow or ice through "roof surfacing" or does not result in the failure of the "roof surfacing" to perform its intended function to keep out the elements.

"Roof surfacing" means the shingles, tiles, cladding, roof vents, vent type covers, metal or synthetic sheeting, metal components or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

**All other terms and conditions of this policy remain unchanged.**
\*\*\*


## COMMERCIAL PROPERTY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

**Policy Number:** CPS7983188          **Effective Date:** 04/23/2024
**Named Insured:** HENRY AND DARLA WISE
\*\*\*

**Item 1.** Business Description
\*\*\*
**Item 4. Coverages Provided**

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins |
|---|---|---|---|---|---|
| 1 | 1 | Building | $387,695 | Special Ex-Theft | 80% |

\*\*\*
**Policy Deductible:** $1000
\*\*\*

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins |
|---|---|---|---|---|---|
| 1 | 2 | Building | $308,113 | Special Ex-Theft | 80% |

\*\*\*
**Policy Deductible:** $1000
\*\*\*

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section H. Definitions.

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations, including:

**(1)** Completed additions;

**(2)** Fixtures, including outdoor fixtures;

**(3)** Permanently installed:

**(a)** Machinery; and

**(b)** Equipment;

**(4)** Personal property owned by you that is used to maintain or service the building or structure or its premises, including:

**(a)** Fire-extinguishing equipment;

**(b)** Outdoor furniture;

**(c)** Floor coverings; and

8

**(d)** Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

**(5)** If not covered by other insurance:

**(a)** Additions under construction, alterations and repairs to the building or structure;

**(b)** Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

\*\*\*

**2. Property Not Covered**

Covered Property does not include:

**a.** Accounts, bills, currency, food stamps or other evidences of debt, money, notes or securities. Lottery tickets held for sale are not securities;

**b.** Animals, unless owned by others and boarded by you, or if owned by you, only as "stock" while inside of buildings;

**c.** Automobiles held for sale;

**d.** Bridges, roadways, walks, patios or other paved surfaces;

**e.** Contraband, or property in the course of illegal transportation or trade;

**f.** The cost of excavations, grading, backfilling or filling;

**g.** Foundations of buildings, structures, machinery or boilers if their foundations are below:

**(1)** The lowest basement floor; or

**(2)** The surface of the ground, if there is no basement;

**h.** Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetated roof);

**i.** Personal property while airborne or waterborne;

**j.** Bulkheads, pilings, piers, wharves or docks;

**k.** Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

**l.** Retaining walls that are not part of a building;

**m.** Underground pipes, flues or drains;

**n.** Electronic data, except as provided under the Additional Coverage, Electronic Data. Electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data. This paragraph, n., does not apply to your "stock" of prepackaged software, or to electronic data which is integrated in and operates or controls the building's elevator, lighting, heating, ventilation, air conditioning or security system;

**o.** The cost to replace or restore the information on valuable papers and records, including those which exist as electronic data. Valuable papers and records include but are not limited to proprietary information, books of account, deeds, manuscripts, abstracts, drawings and card index systems. Refer to the Coverage Extension for Valuable Papers And Records (Other Than Electronic Data) for limited coverage for valuable papers and records other than those which exist as electronic data;

**p.** Vehicles or self-propelled machines (including aircraft or watercraft) that:

(**1**) Are licensed for use on public roads; or

(**2**) Are operated principally away from the described premises.

This paragraph does not apply to:

(**a**) Vehicles or self-propelled machines or autos you manufacture, process or warehouse;

(**b**) Vehicles or self-propelled machines, other than autos, you hold for sale;

(**c**) Rowboats or canoes out of water at the described premises; or

(**d**) Trailers, but only to the extent provided for in the Coverage Extension for Non-owned Detached Trailers; or

**q.** The following property while outside of buildings:

(**1**) Grain, hay, straw or other crops;

(**2**) Fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, trees, shrubs or plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), all except as provided in the Coverage Extensions.

## 3. Covered Causes Of Loss

See applicable Causes Of Loss form as shown in the Declarations.

\*\*\*

## 5. Coverage Extensions

Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.

If a Coinsurance percentage of 80% or more, or a Value Reporting period symbol, is shown in the Declarations, you may extend the insurance provided by this Coverage Part as follows:

## a. Newly Acquired Or Constructed Property

## (1) Buildings

If this policy covers Building, you may extend that insurance to apply to:

(**a**) Your new buildings while being built on the described premises; and

(**b**) Buildings you acquire at locations, other than the described premises, intended for:

(**i**) Similar use as the building described in the Declarations; or

(**ii**) Use as a warehouse.

The most we will pay for loss or damage under this Extension is $250,000 at each building.

\*\*\*

## B. Exclusions And Limitations

10

See applicable Causes Of Loss form as shown in the Declarations.

## C. Limits Of Insurance

The most we will pay for loss or damage in any one occurrence is the applicable Limit Of Insurance shown in the Declarations.

The most we will pay for loss or damage to outdoor signs, whether or not the sign is attached to a building, is $2,500 per sign in any one occurrence.

\*\*\*

## D. Deductible

[Modified By Endorsement]

\*\*\*

## E. Loss Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

### 1. Abandonment

There can be no abandonment of any property to us.

### 2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

### 3. Duties In The Event Of Loss Or Damage

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

## 4. Loss Payment

**a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable

provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

**c.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**d.** We will not pay you more than your financial interest in the Covered Property.

**e.** We may adjust losses with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property.

**f.** We may elect to defend you against suits arising from claims of owners of property. We will do this at our expense.

**g.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part, and:

**(1)** We have reached agreement with you on the amount of loss; or

**(2)** An appraisal award has been made.

**h.** A party wall is a wall that separates and is common to adjoining buildings that are owned by different parties. In settling covered losses involving a party wall, we will pay a proportion of the loss to the party wall based on your interest in the wall in proportion to the interest of the owner of the adjoining building. However, if you elect to repair or replace your building and the owner of the adjoining building elects not to repair or replace that building, we will pay you the full value of the loss to the party wall, subject to all applicable policy provisions including Limits of Insurance, the Valuation and Coinsurance Conditions and all other provisions of this Loss Payment Condition. Our payment under the provisions of this paragraph does not alter any right of subrogation we may have against any entity, including the owner or insurer of the adjoining building, and does not alter the terms of the Transfer Of Rights Of Recovery Against Others To Us Condition in this policy.

**\*\*\***

### 7. Valuation

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.** At actual cash value as of the time of loss or damage, except as provided in **b., c., d.** and **e.** below.

**b.** If the Limit of Insurance for Building satisfies the Additional Condition, Coinsurance, and the cost to repair or replace the damaged building property is $2,500 or less, we will pay the cost of building repairs or replacement.

The cost of building repairs or replacement does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

However, the following property will be valued at the actual cash value, even when attached to the building:

> **(1)** Awnings or floor coverings;
>
> **(2)** Appliances for refrigerating, ventilating, cooking, dishwashing or laundering; or
>
> **(3)** Outdoor equipment or furniture.

**c.** "Stock" you have sold but not delivered at the selling price less discounts and expenses you otherwise would have had.

**d.** Glass at the cost of replacement with safety-glazing material if required by law.

**e.** Tenants' Improvements and Betterments at:

> **(1)** Actual cash value of the lost or damaged property if you make repairs promptly.
>
> **(2)** A proportion of your original cost if you do not make repairs promptly. We will determine the proportionate value as follows:
>
>> **(a)** Multiply the original cost by the number of days from the loss or damage to the expiration of the lease; and
>>
>> **(b)** Divide the amount determined in **(a)** above by the number of days from the installation of improvements to the expiration of the lease.
>
> If your lease contains a renewal option, the expiration of the renewal option period will replace the expiration of the lease in this procedure.

(**3**) Nothing if others pay for repairs or replacement.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

### A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a mate-rial fact concerning:

> **1.** This Coverage Part;
>
> **2.** The Covered Property;
>
> **3.** Your interest in the Covered Property; or
>
> **4.** A claim under this Coverage Part.

### B. CONTROL OF PROPERTY

Any act or neglect of any person other than you beyond your direction or control will not affect this

insurance.

The breach of any condition of this Coverage Part at any one or more locations will not affect cover-age at any location where, at the time of loss or damage, the breach of condition does not exist.

### C. INSURANCE UNDER TWO OR MORE COVER-AGES

If two or more of this policy's coverages apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.

### D. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

> **1.** There has been full compliance with all of the terms of this Coverage Part; and
>
> **2.** The action is brought within 2 years after the date on which the direct physical loss or dam-age occurred.

### E. LIBERALIZATION

If we adopt any revision that would broaden the coverage under this Coverage Part without additional premium within 45 days prior to or during the policy period, the broadened coverage will immediately apply to this Coverage Part.

### F. NO BENEFIT TO BAILEE

No person or organization, other than you, having custody of Covered Property will benefit from this insurance.

### G. OTHER INSURANCE

> **1.** You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Cover-age Part bears to the Limits of Insurance of all insurance covering on the same basis.

**2.** If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

## H. POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

**1.** We cover loss or damage commencing:

**a.** During the policy period shown in the Decla-rations; and

**b.** Within the coverage territory.

**2.** The coverage territory is:

**a.** The United States of America (including its territories and possessions);

**b.** Puerto Rico; and

**c.** Canada.

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
### LIMITATIONS ON COVERAGE FOR ROOF SURFACING
### ACTUAL CASH VALUE—TEXAS

This endorsement modifies insurance provided under the following:
### BUILDING AND PERSONAL PROPERTY COVERAGE FORM
### CONDOMINIUM ASSOCIATION COVERAGE FORM

The following applies with respect to loss or damage by a Covered Cause of Loss (including wind and hail if covered) to all locations shown in the policy Commercial Property Coverage Part Supplemental Declarations:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to any roof surfacing over fifteen (15) years of age. Instead, we will determine the value of roof surfacing at actual cash
value as of the time of loss or damage.

For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.
\*\*\*
### CAUSES OF LOSS – SPECIAL FORM
Words and phrases that appear in quotation marks have special meaning. Refer to Section **G.** Definitions.

## A. Covered Causes Of Loss

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**a. Ordinance Or Law**

The enforcement of or compliance with any ordinance or law:

> **(1)** Regulating the construction, use or repair of any property; or
>
> **(2)** Requiring the tearing down of any property, including the cost of removing its debris.
>
> This exclusion, Ordinance Or Law, applies whether the loss results from:
>
> > **(a)** An ordinance or law that is enforced even if the property has not been damaged; or
> >
> > **(b)** The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

**\*\*\***

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

> **a.** Artificially generated electrical, magnetic or electromagnetic energy that damages, disturbs, disrupts or otherwise interferes with any:
>
> > **(1)** Electrical or electronic wire, device, appliance, system or network; or
> >
> > **(2)** Device, appliance, system or network utilizing cellular or satellite technology.
>
> For the purpose of this exclusion, electrical, magnetic or electromagnetic energy includes but is not limited to:
>
> > **(a)** Electrical current, including arcing;
> >
> > **(b)** Electrical charge produced or conducted by a magnetic or electromagnetic field;
> >
> > **(c)** Pulse of electromagnetic energy; or
> >
> > **(d)** Electromagnetic waves or microwaves.
> >
> > But if fire results, we will pay for the loss or damage caused by that fire.
>
> **b.** Delay, loss of use or loss of market.
>
> **c.** Smoke, vapor or gas from agricultural smudging or industrial operations.
>
> **d.**    **(1)** Wear and tear;
>
> > **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
> >
> > **(3)** Smog;
> >
> > **(4)** Settling, cracking, shrinking or expansion;
> >
> > **(5)** Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.

**(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

**(7)** The following causes of loss to personal property:

> **(a)** Dampness or dryness of atmosphere;
>
> **(b)** Changes in or extremes of temperature; or
>
> **(c)** Marring or scratching.

But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.
\*\*\*

## C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

> **a.** Steam boilers, steam pipes, steam engines or steam turbines caused by or resulting from any condition or event inside such equipment. But we will pay for loss of or damage to such equipment caused by or
>
> resulting from an explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass.
>
> **b.** Hot water boilers or other water heating equipment caused by or resulting from any condition or event inside such boilers or equipment, other than an explosion.
>
> **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
> > **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
> >
> > **(2)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.
>
> **d.** Building materials and supplies not attached as part of the building or structure, caused by or resulting from theft. However, this limitation does not apply to:
>
> > **(1)** Building materials and supplies held for sale by you, unless they are insured under the Builders Risk Coverage Form; or
> >
> > **(2)** Business Income Coverage or Extra Expense Coverage.
>
> **e.** Property that is missing, where the only evidence of the loss or damage is a shortage disclosed on taking inventory, or other instances where there is no physical evidence to show what happened to the property.
>
> **f.** Property that has been transferred to a person or to a place outside the described premises on the basis of unauthorized instructions.

17

**g.** Lawns, trees, shrubs or plants which are part of a vegetated roof, caused by or resulting from:

> **(1)** Dampness or dryness of atmosphere or of soil supporting the vegetation;
>
> **(2)** Changes in or extremes of temperature;
>
> **(3)** Disease;
>
> **(4)** Frost or hail; or
>
> **(5)** Rain, snow, ice or sleet.

**2.** We will not pay for loss of or damage to the following types of property unless caused by the "specified causes of loss" or building glass breakage:

**a.** Animals, and then only if they are killed or their destruction is made necessary.

**b.** Fragile articles such as statuary, marbles, chinaware and porcelains, if broken. This restriction does not apply to:

> **(1)** Glass; or
>
> **(2)** Containers of property held for sale.

**c.** Builders' machinery, tools and equipment owned by you or entrusted to you, provided such property is Covered Property. However, this limitation does not apply:

> **(1)** If the property is located on or within 100 feet of the described premises, unless the premises is insured under the Builders Risk Coverage Form; or
>
> **(2)** To Business Income Coverage or to Extra Expense Coverage.

**\*\*\***

**G. Definitions**

**1.** "Fungus" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

**2.** "Specified causes of loss" means the following: fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire-extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage.

**a.** Sinkhole collapse means the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. This cause of loss does not include:

> **(1)** The cost of filling sinkholes; or
>
> **(2)** Sinking or collapse of land into man-made underground cavities.

**b.** Falling objects does not include loss or damage to:

> **(1)** Personal property in the open; or
>
> **(2)** The interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object.

**c.** Water damage means:

> **(1)** Accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment

and parts), that is located on the described premises and contains water or steam; and

**(2)** Accidental discharge or leakage of water or waterborne material as the direct result of the breaking apart or cracking of a water or sewer pipe caused by wear and tear, when the pipe is located off the described premises and is connected to or is part of a potable water supply system or sanitary sewer system operated by a public or private utility service provider pursuant to authority granted by the state or governmental subdivision where the described premises are located.

But water damage does not include loss or damage otherwise excluded under the terms of the Water Exclusion. Therefore, for example, there is no coverage under this policy in the situation in which discharge or leakage of water results from the breaking apart or cracking of a pipe which was caused by or related to weather-induced flooding, even if wear and tear contributed to the breakage or cracking. As another example, and also in accordance with the terms of the Water Exclusion, there is no coverage for loss or damage caused by or related to weather-induced flooding which follows or is exacerbated by pipe breakage or cracking attributable to wear and tear.

To the extent that accidental discharge or leakage of water falls within the criteria set forth in c.(1) or c.(2) of this definition of "specified causes of loss," such water is not subject to the provisions of the Water Exclusion which preclude coverage for surface water or water under the surface of the ground.

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
**WIND OR HAIL DEDUCTIBLE**

**\*\*\***

With respect to loss or damage caused by or resulting from wind or hail, item **D. Deductible** is deleted in its entirety and is replaced by the following:

**D. Deductible**

**1.** In any one occurrence of loss or damage to covered property by wind or hail (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage, If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss, and will [pay the resulting amount or the Limit of Insurance, whichever is less.

**2.** The Wind or Hail Deductible is calculated separately for, and applies separately to:

**a.** Each building that sustains loss or damage.

**b.** Personal property at each building, if there is loss or damage to that personal property, subject to 3.b. below.

**c.** Personal property in the open.

**d.** Each separately scheduled item not described in items a.-c.

**3.** When a Flat Dollar deductible is show, the following provisions apply in addition to paragraphs **1. and 2.:**

**a.** We will pay only that part of your loss over the deductible amount.

**b.** If there is damage to both a building and personal property in that building, one deductible will apply to the building and to the personal property in that building.

**4.** When a Percentage deductible is shown, the following provisions apply in addition to paragraph **1. and 2.:**

**a.** We will calculate the deductible as follows:

In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to the percentage (as shown in the Schedule) of the Limit(s) of Insurance of covered property that has sustained loss or damage, subject to any minimum Deductible shown in the Schedule.

**b.** In the event that more than one deductible applies to loss or damage to covered property as a result of one occurrence, the largest applicable deductible will apply.

38.     The assertion of any specific provision of the Policy in this Answer is not intended as a waiver or abandonment of other applicable provisions of the Policy. The Policy in its entirety is asserted and incorporated herein by reference.

**Second Defense**
**Failure of Conditions Precedent**

39.     Plaintiffs have failed to comply with one or more provisions of the Policy which serve as a condition precedent to recovery, namely performing repairs to property damage caused by the alleged loss event as required to recover replacement cost value.

40.     The Policy expressly states:

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.** There has been full compliance with all of the terms of this Coverage Part; and

**2.** The action is brought within 2 years after the date on which the direct physical loss or dam-age occurred.

41.     Specifically, Plaintiffs have failed to comply with the following terms and conditions of the Policy:

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

(**3**) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(**4**) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(**5**) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
**\*\*\***

(**8**) Cooperate with us in the investigation or settlement of the claim.

42.     Accordingly, because Plaintiffs have not met all conditions precedent to filing this suit, Plaintiffs are contractually precluded from bring suit against Defendant.

### Third Defense
### Lack of Coverage Precludes Extra-Contractual Liability

43.     The existence of coverage for an insurance claim is necessary to establish the basis of claims for violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the common-law duty of good faith and fair dealing. Because Plaintiffs' allegations are generally based upon Defendant's alleged failure to investigate the claim and pay policy benefits, the absence of coverage for the allegedly unpaid amounts of the underlying insurance claim precludes the extra-contractual claims against Defendant as a matter of law.

### Fourth Defense
### *Bona Fide* Dispute

44.     Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing, whether under the common law or as authorized by statute, must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, Defendant's liability was not "reasonably clear." In other

words, nothing more than a *bona fide* coverage dispute exists between the parties, which does not permit Plaintiffs to recover extra-contractual damages in this case.

### Fifth Defense
### Proportionate Responsibility

45.    Plaintiffs' damages, if any, are the result, in whole or in part, of Plaintiffs' own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of its agents, representatives, or employees.  For example, but without limitation, Plaintiff or Plaintiffs' authorized agents or representatives failed to properly maintain the Property and failed to repair damages stemming from a prior weather event which pre-dated the applicable Policy period.

### Sixth Defense
### Tolling of Penalties

46.    Plaintiffs' own delays, actions, and omissions in presenting and proving the claims at issue in this lawsuit should not amount to Plaintiffs' financial benefit. These delays should toll the accrual of penalty interest under Chapter 542 of the Texas Insurance Code. Additionally, under equitable principles, Plaintiffs have waived, forfeited, or is estopped from asserting and has otherwise relinquished entitlement to the penalty provided for under Chapter 542 of the Texas Insurance Code, as well as any other delay-based or time-based penalty of interest because of Plaintiffs' own discretionary delays and inaction in pursuing relief in accordance with the terms of the Policy.

### Seventh Defense
### Failure to Mitigate

47.    Plaintiffs' causes of action against Defendant are barred, in whole or in part, because the Plaintiffs have failed to take reasonable action(s) to mitigate damages.  For example, but without limitation, Plaintiff or Plaintiffs' authorized agents or representatives failed to

properly maintain the Property and failed to repair damages stemming from a prior weather event that predates the applicable Policy period.

### Eighth Defense
### Due Process and Equal Protection

48.     To the extent Plaintiffs seek punitive damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiffs' pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

49.     To the extent Plaintiffs pray for punitive damages, Defendant asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

### Ninth Defense
### Punitive Damage Limitation

50.     With respect to Plaintiff's claims for damages, any award of punitive damages must be limited pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002 – 41.009.

### Tenth Defense
### Deductible

51.     To the extent any damage to the covered property is determined by the factfinder to be the result of a covered cause of loss and not otherwise excluded by the provisions of the policy, Plaintiffs' recovery is subject to the applicable deductible of $1,000 for Building 1 and/or $1,000 for Building 2, as shown in the Declarations of the Policy.

23

### Eleventh Defense
### Limits of Liability

52.    Any recovery by Plaintiffs are subject to the policy limits of the applicable insurance policy.

### Twelfth Defense
### Excessive Demand

53.    Defendant asserts that Plaintiffs are not entitled to attorney's fees as it has asserted an excessive demand.  Plaintiffs have acted unreasonably and in bad faith by demanding monies to which it is not entitled under the Policy, thereby making the demand unreasonable and, consequently, excessive. More specifically, in Plaintiffs' demand letter dated January 9, 2025, Plaintiffs demanded $144,761.00 to complete repairs of the property and $2,500 in attorney's fees.

### Thirteenth Defense
### Loss Settlement Provisions

54.    Defendant relies on the loss settlement provisions set forth in the relevant insurance policy limiting loss payments to actual cash value except as set forth in the Policy.

### Fourteenth Defense
### Offset and Credit

55.    Plaintiffs' claim has been properly investigated, adjusted, evaluated, and paid. Plaintiffs have been reasonably compensated for covered damages submitted under the terms of the Policy. Specifically, Defendant has issued payments for covered damages totaling $20,801.08 for covered damages to the Property under the Policy. These payments include: (1) $12,653.85 issued to Plaintiffs on October 17, 2024; and (2) $8,147.23 issued on January 13, 2025.

### Fifteenth Defense
### Offset and Credit

56.    Plaintiffs' damages, if any, must be offset by the amount of applicable policy deductible, and by any credit for indemnity amounts paid to or on behalf of the Plaintiff. Defendant will seek any and all available offsets and credits to which Defendant is entitled under law, including credit for the applicable deductible.

### Sixteenth Defense
### Plaintiffs failed to comply with notice requirements of Tex. Ins. Code § 542A.003

57.    Chapter 542A of the Texas Insurance Code applies to Plaintiffs' lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged storm damage.  Plaintiffs failed to give proper notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiffs may have to recover attorney's fees.  Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiffs provide written notice to Defendant not later than the 61st day before the date Plaintiffs filed an action to which Chapter 542A applies that must include:

   (1)    a statement of the acts or omissions giving rise to the claim;

   (2)    the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

   (3)    the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

58.    Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or representative must:

   (1)    provide a copy of the notice to the claimant; and

   (2)    include in the notice a statement that a copy of the notice was provided to the claimant.

59.    In a letter dated January 9, 2025, Plaintiffs' counsel alleged that "the specific amount still owed to my Client on their claim, solely based on the actual damage to the property, is $144,761, less any applicable deductible." The letter also sought $2,500 in attorneys' fees. Plaintiffs' counsel's January 9, 2025 letter does not provide presuit notice as required by Tex. Ins. Code § 542A.003 because it fails to allege the "specific amount alleged to be owed" on the claim. In addition, the "statement of the acts or omissions giving rise to the claim" is a boilerplate and conclusory series of allegations without mention of specific facts arising out of the claim that would give rise to the subject lawsuit such that it fails to place Defendant on notice of any alleged wrongdoing. Accordingly, pursuant to TEX. INS. CODE § 542A.007(d), the Court may not award Plaintiffs any attorney's fees incurred after the date Defendant filed its original pleading first asserting this defense (June 20, 2025).

### III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiffs take nothing, that Defendant be awarded its reasonable and necessary attorneys' fees and costs, and for such other and further relief to which Defendant may be justly entitled.

*(Signature on following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 24th day of October, 2025 to:

Marc K. Whyte
Whyte PLLC
2101 NW Military Hwy.
San Antonio, Texas 78213
mwhyte@whytepllc.com

Naomi Lara
Perry Dominguez Law Firm, PLLC
2101 NW Military Hwy.
Castle Hills, Texas 78213
naomi@pdattorney.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp